SIMMONS *v.* SOVEREIGN CAMP, WOODMEN OF THE WORLD.

(*Knoxville.*     September Term, 1916.)

**INSURANCE.** Fraternal benefit insurance.   Forfeiture of certificate.

Under Acts 1905, chapter 480, providing that the Constitution and laws of a fraternal association may provide that no subordinate body, officer, or member may waive any provision of its laws and constitution and the same shall be binding on the association, and every member, where the constitution and laws of the defendant fraternal benefit association provided required notice of a change of occupation within thirty days the member should be suspended and his certificate null and void, and that the clerk of camp shall not, by acts, representations, or waivers, or by vote of his camp, have authority not delegated to him, and that such official has no authority to waive conditions of beneficiary certificates or provisions of the constitution or laws, where deceased changed his occupation from farmer to locomotive fireman without notice until six months after the lapse of the thirty-day period, defendant was not bound by any act of estoppel or waiver of the clerk of the local camp in receiving the notice, without knowledge or acquiescence on the part of its sovereign officials.

Acts cited and construed:   Acts 1905, ch. 480, sec. 24.

Cases cited and approved:   Brittenham v. W. O. W. (Mo. App.), 167 S. W., 587;  Jones v. Modern Brotherhood of America, 153 Wis., 225;  Foresters v. Cunningham, 127 Tenn., 521.

Case cited and distinguished:   Modern Woodmen of America v. Tevis, 117 Fed., 369.

FROM MORGAN.

Appeal from the Chancery Court of Morgan County.—A. H. ROBERTS, Chancellor.

CORNICK, FRANTZ, McCONNELL & SEYMOUR and CASSELL & HARRIS, for appellant.

J. M. DAVIS and W. Y. BOSWELL, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

This is a suit on a beneficiary certificate brought by the widow of Horace G. Simmons, as beneficiary. The association defends on the ground that the deceased joined the order in the State of Arkansas at a time when he was engaged in farming, and paid throughout after life the premium sums assessed against farmer members, and that on his removal to this State he had changed his occupation to that of locomotive fireman, without giving notice within thirty days required by the laws of the order, and without thereafter paying the increase in the premium required from those engaged in the more hazardous employment. Simmons was killed while working as a fireman.

The constitution and laws of the order contained a provision that any member, failing to notify the clerk

of his camp of such change and to make such additional payments, "shall stand suspended, and his beneficiary certificate be null and void."

The case was tried before the chancellor and a jury, and on an issue submitted the jury found that notice had been given by Simmons of his change of occupation from farmer to fireman, to the clerk of the local camp in Arkansas, within thirty days; but we find no testimony which supports the finding.

Another issue submitted was: Did the local camp, with full knowledge of Simmons' change of occupation, accept the dues of a farmer from him with the intent to waive the forfeiture provided for in his certificate, and lead him to believe that no forfeiture was claimed on account of his change of occupation?

To this issue the jury responded in the affirmative.

There is some evidence tending to show that, about six months after the lapse of the thirty-day period, notice was given to the clerk of the local camp of the change in occupation; but knowledge or acquiescence on the part of the sovereign officials of the order was negatived.

We think it is manifest that there can be no recovery; and that the motion for peremptory instructions interposed by the order should have been sustained, on the ground that it was not within the power of the local camp or its clerk to waive the forfeiture provision.

By Acts 1905, chapter 480, section 24, providing for
the admission and regulation of such fraternal asso-
ciations, it is stipulated:

"The constitution and laws of the association may
provide that no subordinate body, nor any of its offi-
cers or members, shall have the power or authority
to waive any of the provisions of the laws and con-
stitution of the association, and the same shall be
binding on the association and each and every mem-
ber thereof."

The suspension and forfeiture continued for a per-
iod of more than three months.

Among the limitations on the power of the local
officials, in the laws of the order is one that the clerk
of a camp shall not, by acts, representations, waivers,
or by vote of his camp, have any power or authority
not delegated to him or to the camp by the consti-
tution and laws.

By another clause it is provided that no such offi-
cial has the power or authority to waive any condi-
tions upon which the beneficiary certificates are is-
sued, or any provision of the constitution or laws.

It is competent for an order of the character of
this kind, to thus limit the authority of their subor-
dinate, local agents, and when this is done such agents
cannot, by any acts of estoppel or waiver, nothing
else appearing, bind the association.

In *Modern Woodmen of America* v. *Tevis,* 117 Fed.,
369, 54 C. C. A., 293, it was said:

"The acts of this local clerk beyond the scope of his prescribed authority, in the absence of notice or knowledge of and acquiescence in them by some of the principal officers of the society, constituted no waiver, estoppel, or contract of the association. They were not the acts of the society, and the insured and the beneficiaries were charged with knowledge of that fact."

See, also, *Brittenham* v. *Sovereign Camp, W. O. W.* (Mo. App.), 167 S. W., 587; *Jones* v. *Modern Brotherhood of America,* 153 Wis., 225, 140 N. W., 1059; Bacon, Benefit Societies (3d Ed.), sec. 434.

The case is clearly to be differentiated from *Foresters* v. *Cunningham,* 127 Tenn., 521, 156, S. W., 192. In that case it appeared that the act of waiver or estoppel was that of a deputy supreme chief ranger, with headquarters in Nashville, and that he "was invested with all the authority and power which pertain to the chief executive officer of the order within the territory over which he had jurisdiction." The court held in favor of the beneficiary, since that officer exercised the power of the sovereign camp in so far as the act relied upon as a waiver was concerned. Reversed and bill of complaint dismissed.