Williams v. Gaither.

A. Cameron Williams *v.* A. P. Gaither.

(*Jackson.* April Term, 1918.)

1. **INSANE PERSONS. Actions. Parties. Next friend.**

A suit may be brought in behalf of a person of unsound mind by a next friend in the name of such person, either before or after inquisition of lunacy, where no guardian or committee has been appointed. (*Post, p.* 589.)

Cases cited and approved: Morgan v. Potter, 157 U. S., 195; Parsons v. Kinzer, 71 Tenn., 346; Isle of Cranby, 199 Ill., 39.

2. **INSANE PERSONS. Actions by next friend. Subsequent guardian. Control of action.**

In a suit brought by the next friend of an insane person, his subsequently appointed guardian had the right to control the suit by being substituted for the next friend, but could not appear otherwise and have the suit dismissed at the cost of the next friend. (*Post, p.* 589.)

3. **INSANE PERSONS. Actions. Next friend. Substitution.**

A next friend bringing a suit for an insane person is in a sense a volunteer, and the court of pendency may at any time investigate his fitness to represent the incompetent's interests, may allow or direct that some one else be substituted in his place and will ordinarily substitute a subsequently appointed guardian upon application. (*Post, p.* 591.)

Cases cited and approved: Kingsbury v. Buckner, 134 U. S., 650; Plympton v. Hall, 55 Minn., 22.

4. **ATTORNEY AND CLIENT. Lien for fees.**

Attorneys who properly brought a suit for an insane person by his next friend have a lien upon the cause of action for their fees. (*post, p.* 591.)

5. **INSANE PERSONS.** Actions. Costs.

    A guardian appointed subsequent to a suit by her insane ward by his next friend should not be allowed to dismiss the suit without payment of costs. (*Post, p.* 592.)

FROM SHELBY.

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— BEN L. CAPELL, Judge.

CARUTHERS EWING and PRESCOTT & MOGEVENY, for plaintiff.

WILSON & ARMSTRONG and WRIGHT, MILES, WARING & WALKER, for defendant.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

On March 31, 1917, A. Cameron Williams by his wife, Florence M. Williams, as next friend, sued A. P. Gaither for $20,000, averring that Gaither had negligently struck Williams with an automobile, fracturing his skull; and it was further averred that "he has lost his mind, and is now insane and confined as a maniac in the insane asylum at Bolivar, Tenn."

On July 25th Mrs. Ellis, his mother, was appointed by the probate court guardian of said Williams, the latter treated as a *non compos mentis.*

On August 11, 1917, a suit was instituted by "A. Cameron Williams, a *non compos,* who sues by his regular guardian, Mrs. Anna C. Ellis," against Gaither on account of the injury which was made the subject of the suit instituted on March 31, 1917.

The two suits so pending, the regular guardian, Mrs. Ellis, filed a petition in this cause, being the one instituted by the wife as next friend, and therein asserted the legal right to dismiss the action at the cost of the next friend.

Florence M. Williams, next friend, moved to strike this petition from the file, and the court held that the regular guardian of A. Cameron Williams had the right to control all litigation in his behalf and dismissed the suit of the next friend.

On appeal the court of civil appeals affirmed the judgment of the circuit court, and the next friend of plaintiff in the first suit has petitioned us for a review of that ruling.

The question of the right of the guardian to cause such a dismissal is stated by counsel to be one of first impression under common-law practice.

A suit by a next friend must be brought in the name of the infant or *non compos,* since it is the latter, and not the next friend, who is the real and proper party. The next friend is neither technically nor substantially a party, but resembles a guardian *ad litem* by whom a suit is brought in behalf of one not *sui juris.* *Morgan v. Potter,* 157 U. S., 195, 15 Sup. Ct., 590, 39 L. Ed., 670.

An action may be brought on behalf of a person of unsound mind by a next friend, either before the inquisition of lunacy, or after the inquisition, where no guardian or committee has been appointed. *Parsons v. Kinzer,* 3 Lea (71 Tenn.), 346; *Isle v. Cranby,* 199 Ill., 39, 64 N. E., 1065, 64 L. R. A., 513, and cases collected in note.

The first suit having been properly brought, what right had the guardian by motion or petition therein to have it dismissed? If, and so long as, the guardian proceeds on the basis of the first suit being wrongfully brought or prosecuted by the next friend, she is to be deemed to be a stranger to that action, and as such she could not successfully so move to dismiss it. 14 Cyc., 397.

The true conception seems to us to be that the regularly appointed guardian became the successor of the next friend in respect of the right to control the suit. Upon the due appointment of the guardian, the power to control the *non compos* and his affairs, including the suit, devolved upon her. The power formerly exercisable by the next friend was superseded by that belonging to the regularly appointed guardian. The greater power overlapped and, so to speak, absorbed the lesser at the guardian's election. It is not to be tolerated that property rights of a *non compos mentis* should be controlled by a next friend after the appointment of a regular guardian, against the will of the latter. Neither is it to be recognized that the guardian may at will thus set at naught what the next friend

has precedently done, under the law's sanction, in bringing suit. If she wishes, as a part of her right of control, to dismiss such suit, she must do so by asserting her right of succession to the next friend. The proper course, therefore, was for the guardian to move to be substituted as plaintiff in the first suit; then, if she desired for any reason, she might have dismissed that suit and brought another, or assumed continued control of that action. But she would in either event do so by adopting the action, and taking the reins from the hands of the next friend, and not as one claiming as an antagonist, or rival plaintiff.

While a next friend may in a certain sense be a volunteer in bringing suit, the continuance of the exercise of his function is within the power of the court. It is in the province of the court of pendency, at any time, to inquire into his fitness to represent the interests of the incompetent, and to allow or direct that some one else be substituted in his place. *Kingsbury* v. *Buckner*, 134 U. S., 650, 10 Sup. Ct., 638, 33 L. Ed., 1047. *A fortiori* would the court substitute the guardian to actorship and control, on the motion of the guardian though subsequently appointed. *Plympton* v. *Hall*, 55 Minn., 22, 56 N. W., 351, 21 L. R. A., 675.

The view of the rights of the parties enforced by the court of civil appeals would not admit of as just incidental results as does the one we declare.

The attorneys employed by the next friend have a lien upon the cause of action for their services in the first suit. What becomes of their claim to protection

for services up to the time the guardian may discontinue their employment, if our view be incorrect.

What becomes of the court costs validly incurred in the first action? The guardian should not be allowed to dismiss the suit, and escape liability for or risk of payment.

Grant the writ of *certiorari,* reverse the judgment of the court of civil appeals, and remand for further proceedings. Costs will be paid by the respondent guardian.