## C. M. McGREGOR v. H. A. LEHMAN.

Middle Section. December 12, 1931.

Petition for Certiorari denied by Supreme Court, March 26, 1932.

S. C. Lewis, Jr., of Dover, for appellant.
W. C. Howell, of Dover, for appellee.

FAW, P. J. According to the usual practice, this case should be styled here as it was styled below, viz: H. A. Lehman v. C. M. Mc-Gregor, as it is a suit in equity, brought in the Chancery Court of

Stewart County by H. A. Lehman as complainant against C. M. McGregor as defendant; but as the case is styled on the front page of the transcript and entered on the dockets of this court as C. M. McGregor v. H. A. Lehman, we have, in order to avoid possible confusion in the identity of the case, continued to so style it in the caption of this opinion.

However, we will refer to H. A. Lehman as complainant and to C. M. McGregor as defendant.

This is a suit to locate and establish the boundary line between the land of the complainant and the adjoining or contiguous land of the defendant, and falls within the purview of the Act of 1915, chapter 122, "to increase the jurisdiction of the chancery courts of the State, and to regulate the practice in case brought in said courts to locate and establish the boundary lines of adjoining or contiguous tracts of land, either solely or among other questions."

The complainant is the owner of a tract of land lying immediately east of, and adjoining, a tract of land owned by the defendant. No question of title is involved. The parties deraign title from a common source within less than seven years prior to the filing of complainant's bill in this case on December 12, 1927.

The issue before the Chancellor related to the location of a certain "white oak corner," which was the defendant's northeast corner in the complainant's western boundary line, and a considerable volume of proof directed to this issue was taken and filed on behalf of the parties, respectively, and was heard by the Chancellor, who found the facts and decreed thereon as shown by his final decree, from which we quote as follows:

"Defendant's east boundary line from complainant's southwest corner to defendant's northeast corner is complainant's west boundary line from complainant's southwest corner in defendant's line to defendant's said northeast corner.

"This suit was brought to establish and make certain said boundary line and to recover from defendant a strip of land about two poles wide which complainant alleges defendant has recently taken possession of and that complainant charges lies entirely east of said boundary line.

"Complainant's land was formerly owned by one Wash Moreland and has been continuously occupied by said Moreland and his grantees, including complainant, for more than fifty years. Defendant's land was formerly owned by one Wash Darr and has been continuously occupied by said Darr and his grantees, including defendant, for more than fifty years.

"No question of the legal title or the statute of limitations is involved. The sole question is the location of said boundary line, and the ownership of said strip of land.

"The court finds that said boundary line begins at a dogwood in defendant's east boundary line and runs practically north about 118 poles to a white oak stump about two poles west of the white oak stump claimed by defendant as his northeast corner and one hundred and ten poles east of defendant's northwest corner.

"It is accordingly so adjudged and decreed. It is further adjudged and decreed that complainant recover of defendant said strip. of land about two poles in width, lying east of said boundary line as herein above decreed.

"It is further adjudged and decreed that complainant recover of defendant all the cost of this cause, except the cost of taking complainant's proof and the attendance of his witnesses, which will be paid by complainant.

"For all of which execution will issue.

"J. W. Stout,<br>
"Chancellor.

"To which decree, the defendant excepts and prays an appeal to the next term of the Court of Appeals sitting at Nashville; which appeal is by the court granted and the defendant is granted thirty days in which to file his appeal bond."

The defendant perfected his appeal and in this court has filed a single assignment of error as follows:

"There is no evidence to support the decree of the Chancellor.

"In establishing the boundary line as follows: 'Beginning at a dogwood in defendant's east boundary line and running practically north about 118 poles to a white oak stump about two poles west of the white oak stump claimed by defendant as his northeast corner and 110 poles east of defendant's northwest corner;' and in decreeing to complainant the strip of land about two poles in width, lying east of said boundary line, the Chancellor erred because it developed from the undisputed proof that the complainant purchased said strip of land from a resident of this State, and not through an execution sale (Deps. H. A. Lehman, p. 157; W. B. Wynn, p. 221; W. A. Smith, p. 72) while the defendant was in the adverse possession of same, claiming it and appropriating the rents and profits therefrom to his own use (Deps. H. A. Lehman, pp. 157, 162, 170 to 173, 176, 177; C. M. McGregor, pp. 24 to 29, 35, 36, 46, 47) which facts made complainant's purchase champertous and void; it was thereupon the duty of the Chancellor forthwith to dismiss complainant's bill."

It is seen that the sole question which appellant attempts to make by his assignment of error is that complainant's deed, insofar as it purported to convey the "strip" of land in controversy, was cham-

pertous, and therefore void, because defendant was in the adverse possession of said "strip" of land at the time complainant undertook to acquire title thereto. This is our interpretation of the assignment of error, and that it was so intended is stated in the written brief and argument on behalf of appellant, wherein it is said that only two questions need be considered in this case, viz: (1) "Is complainant's case tainted with champerty," and (2) "if his action is champertous, is the question of champerty properly before the court for determination?"

The defense of champerty was not specifically presented by the pleadings below, and there is no indication in the record that it was called to the attention of the Chancellor. However, passing that question and assuming that the defense of champerty may, in a proper case, be invoked without pleading, we are of the opinion that defendant is precluded by his answer from invoking the defense of champerty in this case.

Defendant alleged in his answer that he acquired title, by registered deed, from W. E. McGregor, and immediately following the description of his land copied from the deed under which he holds title, defendant, in his answer, said: "Respondent here specifically quitclaims title to any and all land not covered by and included in the calls of his said deed from W. E. McGregor."

The word "quitclaims," as used in the above quotation, would be inapt in a pleading, and was manifestly used in the sense of disclaims.

A quitclaim is a form of conveyancing, but a disclaimer is appropriate to a pleading. It is possible that "quitclaims" was substituted for disclaims by an error of the typist, but, if not, it is obvious that the meaning which the pleader intended to convey by the word "quitclaims" was that of disclaims.

Obviously, the above quoted statement made by defendant in his answer was intended by him as a renunciation of any and all claim to land not covered by and included in the calls of the deed under which he held title, and thus the issue was narrowed down to the single question of the location of the boundary line between the lands of the parties, respectively. The record shows that the complainant conceded below that the controversy must be determined by the calls in defendant's deed, and the proof was directed to the location of the boundaries defined in defendant's deed; hence under the decree of the Chancellor, the defendant is not deprived of any land covered by and included in the calls of his deed. He is, therefore, barred by his disclaimer from successfully asserting a claim to land beyond his boundary line and within the complainant's boundary. Gibson's Suits in Chancery, sec. 395; Stamper v. Venable, 117 Tenn., 557, 97 S. W., 812; Stearns Coal & Lumber Co. v. Jamestown Railroad Co., 141 Tenn., 203, 206, 208 S. W., 334.

It results- that the appellant's assignment of error is overruled and the decree of the chancery court is in all things affirmed.

The costs of the appeal will be adjudged against the defendant McGregor and the sureties on his appeal bond.

## ON PETITION FOR A REHEARING.

On a former day of the present term an opinion was filed and a decree entered affirming the decree of the chancery court in favor of H. A. Lehman, the complainant below, and against C. M. McGregor, the defendant below. A petition has been filed on behalf of defendant McGregor, appellant here, asking us to set aside our former decree, rehear the case, and decree in favor of appellant McGregor.

Petitioner further insists that, in any event, the costs of the appeal should be adjudged against appellee Lehman.

Concerning the questions raised by appellant's assignment of error, the petition brings forward no view of the case, either of fact or law, which was not considered by the court prior to our former decree, and we do not find in the petition any sufficient reason to change or modify the views expressed in our former opinion.

With respect to the adjudication of the costs of the appeal, petitioner prays that the costs of the appeal, or, at any rate, the major part of same, be adjudged against appellee Lehman, for the reason that appellant, as he had a right to do under the applicable statute, designated certain specified parts of the record to be sent up in the transcript, viz: (1) the original bill, (2) the answer, (3) depositions of the complainant and the defendant, and (4) the final decree; that the remainder of the record (which composes the larger part of same in volume) was designated by the appellee, Lehman.

Petitioner insists that, as the sole question raised by appellant in his assignment of error was that of champerty, and this court decided that question on defendant's disclaimer in his answer, the portions of the record designated by Lehman contained "unnecessary cumulative evidence."

The foregoing argument of appellant does not take into account the fact that appellee and his solicitor could not, at the time the transcript was made up below, foresee or anticipate the assignments of error which would be filed in this court. The appeal vacated the decree of the Chancellor, and the case was open for review in this court upon all questions to which the appellant might direct his assignments of error. In the absence of the proof with respect to the location of the disputed boundary line, the complainant-appellee would have been helpless in this court in the face of an assignment

that the Chancellor's decree was erroneous in that respect. We think appellee is entitled to a decree for all the costs of the appeal against appellant McGregor and the sureties on his appeal bond. The petition for a rehearing is denied and dismissed at the cost of the petitioner.

Crownover and DeWitt, JJ., concur.