SHIRLEY et al. v. SOVEREIGN CAMP, W. O. W.—98 S. W. (2d), 511.

Middle Section. April 18, 1936.

· Petition for Rehearing denied May 9, 1936.

Petition for Certiorari denied by Supreme Court, December 4, 1936.

Higgins & Moore, of Nashville, for appellant.
Hugh Lee Webster, of Columbia, for appellees.

FAW, P. J. Defendant below, the Sovereign Camp of the Woodmen of the World, is an incorporated, nonprofit, fraternal insurance corporation, having a lodge system with ritualistic form of work and numerous local "Camps" in many states of the Union, including Indiana and Tennessee. Defendant is incorporated under the laws of the state of Nebraska, with its principal office at the city of Omaha in that state, but, long prior to the institution of this suit, it had been domesticated in Tennessee pursuant to the applicable statutes of this state.

On August 24, 1925, the defendant issued to Marion H. Shirley (then a resident of the city of Evansville in the state of Indiana, and a member of "Camp No. 26, State of Indiana"), a benefit certificate, styled "Perfected Twenty-Payment Certificate," by which, upon certain specified considerations and conditions hereinafter mentioned, the defendant (described in the certificate as "The Society") contracted that it would pay to the beneficiary under said certificate the sum of $1,000 as a death benefit "upon receipt of satisfactory proof of death of the said member while in good standing," and, should such death occur before the completion of the 20-year payment period, the Society would pay to the beneficiary, in addition to the aforesaid sum of $1,000, a sum described as "excess," as shown by a "Table" appended to the certificate denominated "Table A."

The certificate recited that it was issued in consideration of the warranties contained in the application therefor (a copy of which was attached to and made a part of the certificate), and the payment to the Society of the sum of 54 cents for the month in which the certificate was dated and the payment to the clerk of the camp to which the member belongs, or the sovereign clerk at Omaha, Neb., $2.32 on or before the last day of each month for a period of 20 years from the date of the certificate, including the month of expiration, and for the further consideration of the delivery of the certificate during the lifetime and good health of the member as provided by the constitution, laws, and by-laws of the Society.

The certificate provided that, after the payments had been made thereon at the rate and for the time and in the manner provided therein for the full period of 20 years, the certificate should become paid up, and upon proof of the death of the member the Society would pay the beneficiary the sum of $1,000; but that, "if the payments required by the Constitution, Laws and By-Laws of the Society are not paid by the member, this certificate shall become null and void."

Anna E. Shirley, mother of the said Marion H. Shirley, was named in the certificate as the beneficiary thereof; but, under the constitution and by-laws of the Society, made a part of the contract, the right was reserved to the member to change the beneficiary.

The certificate contains a further stipulation that the Society "will waive the payment of premiums on the certificate, after it shall have been in force over two years, in the event the member becomes totally, permanently disabled before attaining the age of sixty years, as hereinafter set forth and defined in Paragraphs II and III."

The paragraphs referred to above as paragraphs II and III are as follows:

"II. Total Disability: If, after this certificate shall have been in force two full years, and before default in payment of any subsequent monthly payments, the member shall furnish to the Society due proof that, before attaining the age of sixty, he has become wholly disabled by bodily injury or disease so that he is and thereby will be permanently and continuously unable to engage in any occupation whatsoever for remuneration or profit, and that such disability has existed continuously for not less than sixty days prior to the furnishing of proof, thereupon the Society will grant the following benefit:

"Waiver of Payments—The Society, by endorsements hereon, shall waive the payment of the annual or monthly payments which thereafter may become due under this certificate during the continuance of the said total disability of the member. In making any settlement hereunder, the withdrawal equity values of this certificate shall increase from year to year in the same manner as though any payment waived under this provision had been paid in cash.

"If the Society accepts proof of disability under this certificate it shall have the right at any time thereafter, but not more frequently than once a year, to require proof of the continuance of such disability and if the member shall fail to furnish such proof, or if at any time the member has become able to engage in any occupation whatsoever for remuneration or profit, he shall resume the payment of the rate required by the certificate.

"III. Loss of Sight and Dismemberment Benefit: It is agreed that the entire and irrecoverable loss of the sight of both eyes, or severance of both hands at or above the wrists, or of both feet at or above the ankles, or of one entire hand and one entire foot will be considered as total and permanent disability within the meaning of this provision."

The monthly payment of $2.32 was paid by, or for, the member (Marion H. Shirley) each month from the date of the certificate

down to and including the month of June, 1929, but default was made in the monthly payment due in July, 1929, and no payment has been made on said certificate since June, 1929. Said Marion H. Shirley died on November 9, 1932.

Three bills filed in the chancery court of Maury county, and the proceedings had thereunder, are brought up in the transcript for review on this appeal. It is the theory of the appellees that the three bills consist of an original bill, an "amended and supplemental" bill, and a "supplemental" bill. For convenience of reference, we will designate the three bills as first bill, second bill, and third bill, respectively, according to the order of time in which they were filed.

The first bill was filed on August 1, 1931; the second bill was filed on October 1, 1931, and the third bill was filed on March 18, 1933. It is thus seen that the first and second bills were both filed in the lifetime of the insured member, Marion H. Shirley, and the third bill was filed after his death.

In each and all of said three bills the complainants named are the same. They are "William N. Shirley, next friend of Marion H. Shirley and Mrs. Anna E. Shirley;" and they are described in the respective captions of said bills as "residents of Maury County."

It is seen that the suit is brought by "William N. Shirley, next friend of Marion H. Shirley," and it is alleged that Marion H. Shirley is insane, or a person of unsound mind. The suit should have been in the name of the person under disability, described as suing by his next friend. 14 Ency. Pl. & Prac., pp. 1049, 1050. "A suit by a next friend must be brought in the name of the infant or non compos, since it is the latter, and not the next friend, who is the real and proper party. The next friend is neither technically nor substantially a party." Williams v. Gaither, 139 Tenn., 587, 589, 202 S. W., 917, 918; Morgan v. Potter, 157 U. S., 195, 15 S. Ct., 590, 39 L. Ed., 670, 671.

The sole defendant to the first bill is therein named and described as "Sovereign Camp of the Woodmen of the World, a corporation chartered under the laws of Nebraska but who has qualified under the laws of the State of Tennessee to do business in Tennessee and constituted the Commissioner of Insurance of Tennessee its lawful attorney."

Although named as a party complainant, Mrs. Anna E. Shirley made no bond for costs and did not file the oath prescribed for poor persons.

So far as necessary to be stated at this time, the allegations of the first bill (in addition to stating the issuance of said certificate and its material provisions) are, in substance, that said Marion H. Shirley became totally and permanently disabled by reason of

mental unsoundness during or before the month of April, 1929; that defendant "was notified of his condition on April 17, 1929, and admitted the same by assisting in placing him in the hospital and paying his dues and assessments;" that "said Local Camp (at Evansville, Indiana), did in some manner provide for the payment of the dues and assessments of premiums on said policy from the time said Marion H. Shirley was admitted to the hospital in Indiana until June 30, 1929;" that "immediately after the said Marion H. Shirley was released from the hospital in Indiana, he wandered back to Columbia, Tennessee, his old home, where he was cared for by his Uncle, William Shirley;" that Marion H. Shirley's "said mental condition had continually grown worse and that shortly after this while residing in Nashville, Tennessee, his mental condition became such as made it necessary to have him placed in the Davidson County Asylum at Nashville, Tennessee;" that since April, 1929, said Marion H. Shirley has not been able to transact business or to perform work which would provide even his partial support; and that he has been at all times since totally disabled and that his disability is permanent.

It is further alleged (in the first bill) that, "since the insured has become a person of unsound mind his capacity to contract for a change of beneficiary has ceased, and therefore the complainant, Mrs. Anna E. Shirley, has a fixed interest in such policy and is a proper party to this suit, and has a right to insist upon the defendant's complying with the terms of said contract in order that her interest as beneficiary might be preserved;" that she has explained the condition of said Marion H. Shirley to defendant and has demanded of defendant that the rights of said Marion H. Shirley and herself "be fixed according to the terms of said policy," but that defendant refuses to recognize any further rights of the said Marion H. Shirley, stating its insistence to be that said policy was lapsed in August, 1929, because of the failure of the said Marion Shirley to pay his monthly dues.

Complainants pray (1) for service of subpoena to answer and copy of bill served upon the commissioner of insurance of the state of Tennessee, but defendant's oath to its answer is waived; (2) that the rights under said "policy" of both Marion H. Shirley, the insured, and Mrs. Anna E. Shirley, the beneficiary, be fixed by decree of the court; that the court declare said agreement in the policy waiving all future premiums to be automatic in its effect, and that all conditions with reference thereto as to proof of disability, etc., be held to be conditions subsequent, and in no manner limiting or impairing the said agreement to waive all future premiums; (3) that complainants have a decree declaring said policy in full force, carrying with it all cash accruals, and that to this end that they have such orders as are necessary, requiring the

defendant to issue a certificate showing that all premiums on said policy are waived and the same kept in full force; (4) (in the alternative) that, if it should be determined that defendant has breached its said contract, then, in that event, that complainants have an account for damages resulting therefrom and all orders necessary to ascertain said damage, and that, upon the finding of the amount of the same, complainants have a judgment therefor against the defendant; (5) for a reasonable attorney's fee for complainants' attorney, and a judgment for the cost and penalty resulting from the refusal of defendant company to carry out its contract; and (6) for general relief.

To the aforesaid first bill the defendant interposed a plea in abatement, by which it averred, in substance, that the chancery court of Maury county had no jurisdiction of the parties or the subject matter in this cause, for the reason that the situs of defendant for the service of process in Tennessee is Davidson county; that process can only be served upon defendant in this state by serving same on the insurance commissioner, who has his office in Davidson county, Tenn.; that at the time of the institution of this suit the complainants Marion H. Shirley and Mrs. Anna E. Shirley were not residents of Maury county but were residents of Davidson county.

The complainants, by replication, joined issue on the aforesaid plea in abatement, but before proof taken or action by the chancellor thereon complainants filed their second bill, styled "amended and supplemental bill," in which they recited the allegations and prayers of their original bill, the filing of the defendant's plea in abatement, and the complainants' replication thereto, and then, "by way of amendment and supplement to their original bill," complainants alleged, in substance, that at the time the original bill was filed they were advised that the defendant corporation had no camp or property in Maury county, Tenn., but that since that date complainants have been informed and advised, and they charge the fact to be, that W. P. Jackson is the local financial secretary of defendant corporation in Maury county, Tenn., and therefore an agent and officer, and that as such agent and officer he has property and funds in his hands belonging to the defendant corporation and located in Maury county, Tenn., but that complainants do not know the exact kind and amount of property and funds which he holds as such agent; that said W. P. Jackson, as an agent and officer of the defendant corporation, collects and receives the dues and assessments on a large number of members of said organization in Maury county, and issues receipts for the same and transacts all other business of said defendant corporation in Maury county, Tenn.; that defendant corporation resides out of the state of Tennessee, but has an officer and agent in the

person of said W. P. Jackson, its local financial secretary, and that service of process can be had upon him as agent of said corporation; that, if it should be determined by the court that said W. P. Jackson is not such an agent of said corporation as the law would permit service of process to be had upon, said Jackson has in his hands property and funds of defendant corporation in Maury county, and that complainants have a right to a judgment and garnishment on said W. P. Jackson to hold said property and funds of the defendant corporation for the benefit of such judgment and decree as they may obtain upon the hearing of this cause.

Thereupon complainants prayed that defendant Sovereign Camp, Woodmen of the World, be made a party to this suit by the service of a copy bill and subpoena to answer upon said W. P. Jackson, agent and officer of said corporation located at Columbia, Tenn.; that an attachment issue by garnishment requiring the said W. P. Jackson to answer fully and particularly on oath what notes and accounts, claims, or other evidences of indebtedness or other property is in his possession or under his control belonging to defendant corporation at the time of the filing of this bill, and to make a full and detailed schedule of the same; that all of said property or notes in the hands of said W. P. Jackson be attached in his hands as garnishee, and that said W. P. Jackson be enjoined from turning over any property or funds held by him to the defendant corporation, or any one for it, and requiring him to retain in his possession all of said property and funds of said defendant corporation, subject to the orders of the court, and that publication be had as in cases of nonresidents; that a decree be pronounced in complainants' favor applying the said property or funds to any judgment which may be recovered by the complainants against defendant, corporation, or so much thereof as may be necessary to satisfy such judgment; and for general relief.

Pursuant to a fiat of Chancellor Lytle, granted on preliminary application, the attachment and injunction prayed for were issued and served upon W. P. Jackson, but later the chancellor dissolved the injunction and discharged the attachment, and to his ruling in that respect no exception was taken below, and no complaint thereof is made in this court; hence it is unnecessary to make further mention of the attachment or injunction.

Defendant Sovereign Camp filed a plea in abatement to said second bill, through which plea it averred, in substance, that W. P. Jackson, local financial secretary of Camp No. 18 at Columbia, Tenn., is not such an agent or officer of defendant Society on whom legal process can be served, but that defendant Society can only be held to answer by service on the insurance commissioner at Nashville, Tenn., as set out in its former plea filed in this cause, and that for this reason (and other reasons stated in the former

plea) the chancery court of Maury county has no jurisdiction of the parties or the subject matter of this cause by such attempted service of process on said W. P. Jackson.

The complainants joined issue on the aforesaid plea in abatement to the second bill, proof was taken, and the cause heard upon the issues made by the replications to the pleas in abatement filed as aforesaid to the "original and amended bills" (the first and second bills), and the chancellor overruled the pleas in abatement, to which action of the court the defendant excepted, and, through its first assignment of error in this court, defendant is complaining of this ruling of the chancellor.

The defendant Sovereign Camp filed an answer to the first and second bills (treating them as one bill for the purpose of the answer), and denied the right of the complainants to any of the relief sought by their bills, or any recovery whatever against it, and alleged in its answer the facts upon which it relied for defense, with details of time, place, and circumstances, which allegations we will not undertake to state at this point.

The aforesaid answer of the defendant was filed on August 18, 1932, and on March 18, 1933, the third bill—styled "supplemental bill"—was filed, in which the filing and contents of the first and second bills, and the proceedings thereunder, were recited, and it was alleged that "before any proof was taken in this cause the insured, Marion H. Shirley, died at the State Hospital for the Insane at Nashville, Tennessee." In addition to the Sovereign Camp, etc., W. P. Jackson, described as "local financial secretary and agent of said Sovereign Camp of the Woodmen of the World, a resident of Maury County, Tennessee," was made a defendant to the third bill, and subpœna to answer and copy of bill was served upon him, but no process under the third bill was served upon the commissioner of insurance of the state of Tennessee.

It was further alleged in the third bill that, "by reason of the death of the said Marion H. Shirley, the defendant has become liable to the beneficiary named in the policy, Mrs. Anna E. Shirley, for the full face value of said policy amounting to $1,000, together with the accruals thereon." The prayer of the third bill is as follows:

"Therefore premises considered, complainants pray that proper process issue with this supplemental bill to serve the defendants with notice hereof and to require them to answer the same and that said process be made returnable to the first rule day practicable. That the defendant be required to answer the same but not under oath as the oath to his answer is waived.

"That complainant Mrs. Anna E. Shirley have all of the relief, sought both in the original bill, the amended and supplemental bill and this supplemental bill, and that the said complainant, Mrs.

Anna E. Shirley have further relief to the extent that said policy be declared to have been in full force and effect at the date of the death of the insured and that she recover of the defendant, the Sovereign Camp of the Woodmen of the World, the sum of $1000, plus the accrual value of $64.66 and reasonable attorney's fee for the services of her attorney together with the costs of this cause.

"Complainants pray for all orders, decrees and accounts and for all such other, further and general relief as they are entitled to from the premises."

Defendant Sovereign Camp filed a plea in abatement to the third bill, averring, in substance, that the chancery court of Maury county has no jurisdiction to entertain this suit, and setting forth in said plea substantially the same reasons set forth and averred in the former pleas in abatement.

The cause was thereafter heard upon the "supplemental bill" (the third bill), the plea in abatement thereto, and the proof theretofore introduced on the hearing of the pleas in abatement to the first and second bills (which proof was heard on the last plea in abatement by a stipulation of counsel), and the chancellor found the issues under said plea in favor of the "complainant," and overruled the plea, to which action of the court the defendant reserved an exception below, and, through its second assignment of error in this court, asserts that this ruling of the chancellor was erroneous.

It should be stated that the complainants did not file a replication to the aforesaid third plea in abatement, but the absence of such replication was seemingly overlooked by the court and counsel, for it is manifest that the court and counsel proceeded with the hearing of the issues tendered by said third plea in abatement upon the assumption that there had been a formal joinder of issue thereon, and (as stated in the brief for defendant) "the fact that the complainant did not join issue may be considered as waived," for it is very generally held that, "where the case is tried on the theory that certain issues have formally been raised, it cannot be objected for the first time on appeal that such issues were not in fact joined by reason of the absence of an answer, plea or replication by which they should properly have been raised." 2 R. C. L., pp. 81, 82, par. 55.

The defendant Sovereign Camp filed an answer to the third bill, denying "any and all liability to the complainant of any nature or kind growing out of the issuance of said certificate to the said Marion H. Shirley," with specifications in detail of the several grounds upon which it based its denial of liability.

W. P. Jackson answered and denied that he or the Local Camp of the Woodmen of the World at Columbia, Tenn., had any interest in this suit. He adopted the aforesaid answer of the de-

fendant Sovereign Camp "as to all matters that may be claimed to be pertinent to him in this suit."

Further proof was taken and filed and the cause was heard on the whole record, whereupon the chancellor found that "the beneficiary named in the policy, Mrs. Anna E. Shirley, is entitled to recover the full amount of the loss insured against, together with all accruals, on the policy, and interest on said sums from November 9, 1932, to date, as also all costs;" and thereupon he decreed that complainant Mrs. Anna E. Shirley recover of the Sovereign Camp of the Woodmen of the World the sum of $1,000, the amount of said policy payable upon death of the insured, $55.42 being the return of the excess upon the said policy, and $141.47 being the interest on those sums from November 9, 1932, to the date of the decree, and also all the costs of the cause.

From said final decree and all former decrees in the cause the defendant Sovereign Camp prayed, obtained, and perfected an appeal to this court; and (in addition to the aforementioned assignments of error upon the Chancellor's rulings on the pleas in abatement) has assigned as error the final decree and the several findings of fact upon which the chancellor predicated his final decree.

The first question for determination is whether or not the chancery court of Maury county was without jurisdiction to entertain these suits against the defendant Sovereign Camp of the Woodmen of the World for the reasons asserted by the defendant in its pleas in abatement? For reasons which will be stated later, it is deemed proper to consider, in this connection, the questions arising upon the pleas in abatement to the first and second bills apart from the third bill.

It is quite clear, and is not disputed, that the defendant is a "Fraternal Benefit Society" as defined by section 3369a74 of Shannon's Code and section 6357 of the Code of 1932. The statutory provisions with respect to the manner in which the courts of this state shall obtain jurisdiction of a foreign fraternal benefit society are the same in both of the Codes above mentioned, and (copying from the Code of 1932) they are as follows:

"6391 3369a104. Every society must appoint commissioner attorney, upon whom process may be served.—Every such society applying for admission, shall, before being licensed, appoint in writing the commissioner of insurance and banking and his successors in office to be its lawful attorney upon whom all legal process in any action or proceeding against it shall be served, and in such writing shall agree that any lawful process against it which is served upon such attorney shall be of the same legal validity as if served upon the society, and that the authority shall continue

in force so long as any liability remains outstanding in this state. (Ib., sec. 17.)

"6392 3369a105. Certified copies of such appointments are admissible in evidence.—Copies of, such appointment, certified by said commissioner, shall be deemed sufficient evidence thereof, and shall be admitted in evidence with the same effect as the original. (Ib.)

"6393 3369a106. Mode and effect of service; not effective when requiring defense within thirty days.—Service shall only be made upon such attorney, must be made in duplicate upon the commissioner, or, in his absence, upon the person in charge of his office, and shall be deemed sufficient service upon such society; provided, however, that no such service shall be valid or binding against any such society when it is required thereunder to file its answer, pleading, or defense in less than thirty days from the date of mailing the copy of such service to such society. (Ib.)

"6394 3369a107. Duplicate process to be mailed to secretary of society; nor other mode of service.—When legal process against any such society is served upon said commissioner, he shall forthwith forward by registered return-receipt mail one of the duplicate copies prepaid and directed to its secretary or corresponding officer. Legal process shall not be served upon any such society, except in the manner provided herein. (Ib., Modified.)"

(The references at the foot of each section above quoted are to chapter 172 of the Public Acts of 1921).

It is seen that service shall only be made on such attorney (the commissioner of insurance), and legal process shall not be served upon any such society except in the manner provided by the statutes quoted. Manifestly the method thus provided is exclusive, and jurisdiction of the defendant Sovereign Camp could not be obtained by service on W. P. Jackson, financial secretary of the Local Camp at Columbia.

"The process of acquiring jurisdiction over a foreign corporation for the purpose of rendering a personal judgment against it, is now-a-days entirely statutory, whatever may have been the rule applicable under the common law. And these statutes being mandatory, they must be pursued to the extent of requiring service to be made upon the particular representative and in the mode specified in the statute." Bowers on Process and Service, section 325, pp. 472, 473.

Moreover, W. P. Jackson was not an officer or agent of the Sovereign Camp upon whom process in actions or suits against the Sovereign Camp could be lawfully served.

Section 6397 of the Code (Shan. Code, section 3369a110), which is a part of the "article governing fraternal benefit societies," provides that: "The constitution and laws of the society may provide that no subordinate body nor any of its subordinate officers or

members shall have the power to waive any of the provisions of the laws and constitution of the society, and the same shall be binding on the society and each member thereof and on all beneficiaries of members.''

Section 109g of the constitution, laws, and by-laws of defendant Sovereign Camp provides that: ''The financial secretary shall not by acts, representations or waivers, nor shall the Camp by vote or otherwise, or any of its officers, have any power or authority to waive any of the provisions of the Constitution, Laws and By-laws of this Association, nor to bind the Sovereign Camp by any such acts.''

The cause of action alleged in the bills in this cause did not arise out of any act of or dealings with the Local Camp at Columbia or its financial secretary, and such financial secretary at Columbia had no authority to bind the defendant Sovereign Camp with respect to any matters involved in this litigation. Simmons v. Sovereign Camp, W. O. W., 136 Tenn., 233, 236, 188 S. W., 941; Knox v. Fraternal Aid Union, 1 Tenn. App., 317. Hence Code, section 8643 (Shan. Code, section 4516), which provides that, ''When a corporation, partnership or individual has an office or agency in any county for the transaction of business, actions growing out of, or connected with the business of that office or agency, may be brought in the county in which such office or agency is located,'' has no application to the instant case.

The cause or causes of action alleged in the bills in these cases are admittedly transitory actions. In transitory actions, ''if the plaintiff and defendant both reside in the same county, such action shall be brought in the county of their residence,'' Code, section 8641 (Shan. Code, section 4514); and ''actions may be abated by plea of the defendant . . . where the plaintiff and defendant both reside, at the time suit is brought, in the same county, and the action is instituted in another county,'' Code, section 8751 (Shan. Code, section 4623).

The official residence of the insurance commissioner is in Davidson county, and process can be served upon him as such only in that county; but process (in a transitory action) running from a court of any county in which the complainant resides may be served upon the insurance commissioner in Davidson county. Cartmell v. Mechanics' Insurance Co., 167 Tenn., 498, 71 S. W. (2d), 688.

In the instant case, it appears from undisputed evidence that complainant Anna E. Shirley was a resident of Davidson county, Tenn., at, and for a substantial period before, the time each and all of the three bills in this case were filed, and, so far as appears, she has continued to be a resident of Davidson county until the present time.

Marion H. Shirley returned to Tennessee in June, 1929, after

residing for several years in Evansville, Ind., and until May, 1930, he wandered back and forth, at intervals, between the home of his mother, in Davidson county and the home of his uncle, William N. Shirley, in Maury county. On June 9, 1930, he was placed in the Davidson County Asylum as an insane patient upon (among other evidence) an affidavit of his uncle William N. Shirley (the next friend in this case) that he, Marion H. Shirley, was then a resident of Davidson county, and he remained in Davidson county continuously, without intermission, until his death on November 9, 1932.

William N. Shirley testified in this case that he did not know the contents of the affidavit he signed for the purpose of placing Marion H. Shirley in the Davidson County Asylum.

The evidence is conflicting as to whether Marion H. Shirley was a resident of Maury county or a resident of Davidson county in the interim between his return to Tennessee from Indiana in June, 1929, and his commitment to the Davidson County Asylum on June 9, 1930; but it appears without dispute that he was in Davidson county continuously from the latter part of May, 1930, to his death on November 9, 1932, and that he was committed to the asylum as a Davidson county patient.

However, we think the question of the place of residence of Marion H. Shirley is concluded by the original bill in this case, wherein it is alleged that said Marion H. Shirley was "residing in Nashville, Tennessee," at the time he was "placed in the Davidson County Asylum at Nashville, Tennessee." Having thus deliberately taken the position in their first pleading that Marion H. Shirley (one of the complainants) was a resident of Davidson county on June 9, 1930, the complainants will not be allowed to advantage themselves by taking an inconsistent position in the further progress of the cause, without explanation or excuse for such allegation in the bill. Stamper v. Venable, 117 Tenn., 557, 97 S. W., 812; Stearns Coal & Lumber Co. v. Jamestown Railroad Co., 141 Tenn., 203, 206, 208 S. W., 334; Williams v. Frazer, 6 Tenn. App., 211, 218; Johnson v. Sharpe, 7 Tenn. App., 685, 688; McGregor v. Lehman, 14 Tenn. App., 300, 303.

It is quite clear on the record that the county of the residence of Marion H. Shirley was never changed during his lifetime after he was placed in the Davidson County Asylum on June 9, 1930; hence we find that he was a resident of Davidson county when the first bill was filed on August 1, 1931, and when the second bill was filed on October 1, 1931.

William N. Shirley, the next friend of Marion H. Shirley, was a resident of Maury county, but the place of residence of the next friend is immaterial to the question of jurisdiction of the parties in this cause, for "the next friend is neither technically

304

nor *substantially a party.*" Williams v. Gaither, supra; Morgan v. Potter, supra.

If, as has been held in a few cases from other jurisdictions (see 14 Ency. Pl. & Pr., p. 1050), the form may be treated as waived by failure to object, and the case was tried as the suit of the person under disability, suing by next friend, nevertheless Marion H. Shirley, and not his next friend, was "the plaintiff in his own cause of action" and "the plaintiff" within the contemplation of the Code, sections 8641 and 8751 (Shan. Code, sections 4514 and 4623), supra, and his place of residence is the controlling fact.

 It follows from our aforesaid findings of fact and law that neither of the two complainants in the first and second bills nor the defendant Sovereign Camp resided in Maury county at the time those bills were filed; but that the two complainants and the sole defendant in the first and second bills resided in the "same county" (Davidson) at the time those bills, respectively, were filed in "another county" (Maury).

The third bill (which was filed after the death of Marion H. Shirley) alleged a new and independent cause of action on behalf of Mrs. Anna E. Shirley alone, and it could derive no support from either of the first two bills. Although self-styled "a supplemental bill," it was in its nature and substance an original bill. Gibson's Suits in Chancery (3 Ed.), section 690; Story's Equity Pleadings, section 353; Northman v. Insurance Co., 1 Tenn. Ch., 312. The name given it by the parties is not controlling. Gibson (3 Ed.), sections 43, 269, 431 (note 4), and 719.

Complainant Anna E. Shirley did not reside in Maury county. For the reasons heretofore stated, jurisdiction of the Sovereign Camp could not be obtained by service on W. P. Jackson, financial secretary of the Local Camp at Columbia, and there was no service of process under the third bill upon the insurance commissioner.

We are of the opinion that the learned chancellor erred in overruling the pleas in abatement to the three bills, respectively, and the first and second assignments of error of the appellant Sovereign Camp are sustained.

 The appellant's remaining assignments of error (3 to 8, inclusive) challenge the findings and decree of the chancellor on the merits of the case. But if, as we have held herein, the chancery court of Maury county was without jurisdiction of the defendant Sovereign Camp, and therefore could not lawfully render any decree in these cases other than to dismiss the suits at the cost of the complainants, it follows that this court is likewise without jurisdiction to render a decree upon the merits, and rulings by this court upon the appellant's assignments of error numbered 3 to 8, inclusive, would be merely a brutum fulmen, and the disposition of the latter six assignments of error is pretermitted.

It results that the decree of the chancery court is reversed, the plea in abatement to each of the three bills, respectively, is sustained, and the suits are dismissed.

Pursuant to section 9110 of the Code, the costs of the cause, including the costs of the appeal, will be adjudged against William N. Shirley, next friend, etc., and complainant Mrs. Anna E. Shirley.

Crownover and De Witt, JJ., concur.

### On Petition for a Rehearing.

FAW, P. J. In our opinion filed and decree entered on a former day of the present term, we reversed the decree of the chancery court, sustained the defendant's pleas in abatement, and dismissed the three bills filed in the chancery court of Maury county.

In due season, the appellees (complainants below) filed a petition for a rehearing which, when reduced to its fundamental proposition, advances the contention that this court erred in holding that, upon the facts of this record, the case (with respect to the service of process on the defendant) is governed by sections 6391-6394 of the Code of 1932 (Shannon's Code, sections 3369a104-3369a107) in connection with sections 8641 and 8751 of the Code of 1932 (Shannon's Code, sections 4514 and 4623.)

It is insisted for petitioners that, with respect to the service of process as aforesaid, this case is governed by sections 8666 to 8669, both inclusive, of the Code of 1932, rather than by the aforementioned Code sections.

We are not able to agree to the contention thus advanced by petitioners, and, after an attentive consideration of the reasons therefor presented by the petition, we are content to adhere to our former opinion, in which we stated the reasons which impelled us to the conclusions there announced, and to which we refer without repetition.

The petition for a rehearing is denied and dismissed at the cost of the petitioners.

Crownover and De Witt, JJ., concur.