Motors Ins. Corp. *v.* Lipford.

(*Knoxville,* September Term, 1951.)

Opinion filed June 7, 1952.

O. H. WILSON, of Mountain City, for plaintiff in error.

218

J. L. GRAYSON, of Mountain City, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This suit was originally instituted in the Court of a Justice of the Peace to recover on a fire insurance policy. The Motors Insurance Corporation filed there its plea in abatement to the jurisdiction of that Court. It was disallowed, and judgment rendered.

In the Circuit Court this plea in abatement, properly verified, was again filed, disallowed and exception taken. Then a general issue plea was filed. At the next term, after a hearing upon the merits by the Trial Judge without a jury, Lipford was awarded a money judgment.

No motion for a new trial was made, but an appeal was prayed, granted and perfected to the next term of this Court, where the only assignment of error is that the Trial Court erred in disallowing the plea in abatement.

The defendant in error has made a motion to dismiss the appeal and affirm the judgment because (1) no motion for a new trial was made, and (2) the record contains no bill of exceptions, and (3) the judgment overruling the plea in abatement became final at the end of the term; hence, that an appeal from that judgment could not be had at a subsequent term.

A plea in bar after the overruling of a plea in abatement does not, per se, deprive the pleader of the right in the Appellate Court to rely on the plea in abatement. *Citizens' Bank & Trust Co.* v. *Bayles,* 153 Tenn. 40, 281 S. W. 932.

If the technical record discloses that the plea in abatement was overruled for insufficiency as a matter of law, then an assignment of error based upon such action may be made and considered in this Court, notwithstanding the fact that there is no bill of exceptions. *Gatlinburg Beer Regulation Committee* v. *Ogle,* 185 Tenn. 482, 485, 206 S. W. (2d) 891.

Errors apparent, or alleged to be apparent upon the face of the record are open to review on appeal without the necessity of a motion for a new trial. *Board of Equalization* v. *Nashville C. & St. L. Railway,* 148 Tenn. 676, 681, 257 S. W. 91.

It follows from that above stated that the merits of the motion to dismiss this appeal must be determined by ascertaining whether the technical record affirmatively discloses that the plea in abatement was disallowed on the ground that it was insufficient in law. If it does not affirmatively so disclose, then the motion to affirm is well taken. That is because this Court is a court of review, and in cases of this character "can only reverse, because of errors apparent upon an inspection of the

record." *Wartrace* v. *Wartrace & Beech Grove Turnpike Co.*, 42 Tenn. 515, 519.

In the warrant of the Justice of the Peace wherein the cause of action is stated there is an allegation that one of the principal places of business of Motors Insurance Corporation is in Mountain City, Tennessee. We judicially know that this town is in Johnson County where the suit was instituted.

The sheriff's return might perhaps have been better expressed, but it does recite that the process was served upon "R. C. Grindstaff—the highest officer of (or) agent of Motors Insurance Corporation to be found in my county". This raises the presumption "that the sheriff has done his duty, and has served the process upon the proper party". *Wartrace* v. *Wartrace & Beech Grove Turnpike Co.*, supra.

The plea in abatement alleged that Grindstaff is not and has never been an agent or officer of, or had any other connection with, Motors Insurance Corporation, and that this corporation does not maintain an office in Johnson County.

The warrant alleged that Motors Insurance Corporation did maintain a principal office in Johnson County. The sheriff's return stated that Grindstaff was the highest agent and officer of that corporation in Johnson County. The plea in abatement, therefore, simply raised a question of fact as to whether Motors Insurance Corporation did have an office in Johnson County, and whether Grindstaff was the highest, or any, agent or officer of that corporation in that county.

Although the plaintiff Lipford did not file either a replication to this plea or a motion to strike for insufficiency, in so far as the record discloses, the Court and

the attorneys proceeded to a hearing on the plea in abatement without any notice being taken of the absence of such pleading. On appeal, therefore, the question with reference to the plea in abatement will be considered as if formal replication or motion to strike, as the case may be, had been filed. *Shirley* v. *Sovereign Camp,* W. O. W., 20 Tenn. App. 290, 299, 98 S. W. (2d) 511.

It is recited in the judgment of the Court that the "cause came on to be heard before the Honorable R. C. Campbell, Judge, without the intervention of a jury— on defendant's plea in abatement—and after hearing argument of counsel the Court took the matters involved in said plea in abatement under advisement. And on consideration thereof the Court is of the opinion that the plea in abatement is not well taken." This judgment does not affirmatively recite whether the hearing was had on the issue of fact made or whether it was had on a motion that challenged the legal sufficiency of the plea.

Inasmuch as the order does recite that the hearing was had "without the intervention of a jury" the implication is that it was heard on the issue of fact. Otherwise, there would have been no necessity of making any reference to a jury. A jury has nothing to do with the question of law which would have been made by a motion to strike. The further recitation that the Court "took the matters involved in said plea in abatement under advisement" is a further implication that it was heard upon the issue of fact, because it was only an issue of fact that was involved in said plea in abatement, in so far as this record discloses. The further fact that no motion to strike appears in the record implies that the plea in abatement was heard on the issue of fact.

That issue had already been made. A formal replication, therefore, on the issue of fact would have amounted to a mere repetition, while motion to strike would have raised a new question.

Without regard to that said immediately above, the technical record does not affirmatively show that the plea in abatement was heard on the question of its sufficiency as a matter of law or was not heard on the issue of fact. It was the duty of the plaintiff on this appeal in the nature of a writ of error to make the record affirmatively disclose the error. The record does not make such disclosure. As heretofore observed this Court "can only reverse, because of errors apparent upon an inspection of the record in this case." *Wartrace* v. *Wartrace & Beech Grove Turnpike Co.*, supra. There being no error apparent upon the face of the record with reference to the judgment of the Court on the plea in abatement, and there being no motion for a new trial or bill of exceptions, this Court is of the opinion that the motion to affirm is well taken.

The judgment will be affirmed and a judgment entered in this Court for the amount of the judgment below with interest from the date of its entry. The costs will be adjudged against Motors Insurance Corporation and the sureties on its appeal bond.